**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MAGEB Y. HUSSAIN,

        Plaintiff,

    v.

TEND, et al.,

        Defendants.

Case No. 26-cv-04044-PHK

**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER**

Re: Dkt. 5

On May 4, 2026, Plaintiff, who is representing himself *pro se* in this action, filed an initial Complaint and an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1, 2. The Court denied Plaintiff's IFP application on June 2, 2026, for failure to provide "adequate and sufficient factual details regarding his assets and liabilities to warrant granting the motion." [Dkt. 5 at 1]. In that Order, the Court granted Plaintiff leave to file a corrected and amended IFP application by no later than June 29, 2026. *Id.* at 3-5. The June 29, 2026, deadline for filing an amended IFP application has passed. To date, Plaintiff has neither filed an amended IFP application nor requested an extension of time from the Court to do so.

The Court's June 2, 2026, Order stated that "[s]hould Plaintiff fail to file an amended IFP application by **June 29, 2026**, the Court may issue an order directing the Clerk to reassign this case to a District Judge along with a recommendation that this case be dismissed for failure to prosecute and/or comply with Court orders." *Id.*

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*,

191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders).

The Court previously informed and admonished Plaintiff, and is hereby providing **NOTICE** again by this **ORDER TO SHOW CAUSE**, that failure to comply with this Court's orders and failure to prosecute this case will result in negative consequences for Plaintiff's case, including the issuance of a report and recommendation for dismissal of this action.

Accordingly, the Court herein **ORDERS** that, by no later than **JULY 31, 2026**, Plaintiff **SHALL EITHER** (1) file an amended IFP application which addresses and cures the deficiencies noted by the Court's June 2, 2026 Order; **OR** (2) file a written response to this Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders. To be clear, if Plaintiff files (by July 31, 2026) an amended IFP application addressing and curing the deficiencies noted in the June 2, 2026, Order [Dkt. 5], such a filing will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

If Plaintiff needs additional time to prepare and file an amended IFP application, Plaintiff shall explain and show sufficient grounds in good faith why and how much additional time is needed in any written response filed **by the July 31, 2026** deadline.

If Plaintiff fails to respond to this Order to Show Cause by the July 31, 2026, deadline set herein, the Court will issue a Report and Recommendation that this action be dismissed for failure to prosecute and failure to comply with court orders and the Court will issue an Order directing the Clerk of Court to reassign this action to a district judge for consideration of and to take action on that Report and Recommendation.

The Clerk is directed to mail this Order to Show Cause to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: July 8, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

2